**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesus GALINDO–SAUCEDO,
Defendant–Appellant.**

No. 05–20871
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Gerardo S. Montalvo, Houston, TX, for Defendant–Appellant.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Jesus Galindo–Saucedo appeals his 212–month sentence imposed following his guilty-plea conviction for conspiracy to distribute five kilograms or more of cocaine. Galindo argues that his sentence should be vacated and the case remanded for resentencing before a different judge because the government breached the plea agreement by failing to recommend a sentence at the low end of the applicable guideline range at the sentencing hearing.

Under the terms of the plea agreement, the government was required to recommend that Galindo receive a sentence at the low end of the applicable Guideline range if Galindo complied "fully with all the terms of this plea agreement, specifically including his successful efforts to earn a substantial assistance downward departure as set out herein." Galindo did not successfully earn a substantial-assistance downward departure as plainly required under the terms of the plea agreement, and he conceded as much at sentencing. Thus, the government's failure to make the recommenda-

---

* Pursuant to 5ᴛʜ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀ. R. 47.5.4.

tion was not error, plain or otherwise. *See United States v. Reeves,* 255 F.3d 208, 210 (5th Cir.2001); *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

AFFIRMED.